UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22756-CIV-ALTONAGA

**INGENUITY13 LLC**,

    Plaintiff,

v.

**JOHN DOE**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Renewed Motion for Leave to Take Discovery . . . ("Motion") [ECF No. 7], filed on August 23, 2012, in this copyright infringement action. Plaintiff seeks leave to serve Internet Service Provider ("ISP"), Comcast Cable Communications ("Comcast"), with a subpoena issued from the United States District Court for the District of Columbia pursuant to Federal Rule of Civil Procedure 45 in order to obtain identifying information for the subscriber, Defendant John Doe, associated with Internet Protocol ("IP") address 75.74.37.91.

In the Order dated August 6, 2012 [ECF No. 5], the Court denied Plaintiff's initial motion for leave to take discovery prior to the parties' Rule 26(f) conference. The Court expressed concern regarding "why subpoenas are being issued in distant forums to discover identifying information of subscribers who allegedly reside in Florida." (*Id.* 2). The Court ordered that "[i]f the subpoena will be issued from any court other than the United States District Court for the Southern District of Florida, Plaintiff must provide an explanation as to (1) why the distant

CASE NO. 12-22756-CIV-ALTONAGA

forum is the appropriate place to issue the subpoena, and (2) why the subpoena cannot be issued in this judicial district." (*Id.*).

The present Motion fails to satisfy the Court's requirements.[1] Federal Rule of Civil Procedure 45(a)(2)(C) provides that a subpoena for production or inspection must be issued from the district court where production or inspection is to be made. As the Court previously noted, one court recently observed that a subpoena can be served on Comcast — the very same ISP to be served in this matter — in any judicial district where subscribers reside. *See Millenium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, No. 12–mc–00150 (RLW), 2012 WL 2371426, at *5 (D.D.C. June 25, 2012). Plaintiff wholly fails to address why Comcast's production or inspection cannot be made in the Southern District of Florida where John Doe resides, and therefore, why the subpoena cannot be issued in this judicial district.

Plaintiff argues that the Court's concern "that it might be unfair to require subscribers to travel to a distant judicial district to challenge the disclosure of their identifying information" would render Rule 45 "inoperable." (Mot. 5). Plaintiff also contends that a subpoena issued from this district would "render[] Plaintiff unable to identify those who violated its copyrights." (*Id.* 6). The Court disagrees. The situation here is unlike any of the hypotheticals posed by Plaintiff wherein it asserts that "broad swaths of the U.S. population would be immune from liability for digital copyright infringement." (*Id.* 5). Indeed, here, Plaintiff has alleged that Defendant John Doe resides in the Southern District of Florida, Plaintiff initiated the suit in the

---

[1] The Eleventh Circuit has recognized that "[t]he district court has broad discretion . . . to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (citations omitted).

2

CASE NO. 12-22756-CIV-ALTONAGA

Southern District of Flordia, and the ISP can be served with a subpoena in the Southern District of Florida. The Court sees no conflict with Rule 45 in circumstances such as these.

It appears that the only reason offered by Plaintiff why production "must" be made in the District of Columbia is because "Plaintiff has decided that the most convenient and logical place to establish its initial subpoena processing center [is] the District of Columbia." (*Id.*). According to Plaintiff, requiring the subpoena to be issued from this district, would "increase the burden on Plaintiff without any articulable corresponding benefit," given the "multiple procedural mechanisms . . . that allow parties to challenge the disclosure of their identifying information in the district where the underlying action is pending." (*Id.* 6–7). This argument fails to persuade. Plaintiff does not specify what burden will be imposed on it should the subpoena issue from this district as opposed to the District of Columbia. Indeed, as Plaintiff has brought suit in this district, Plaintiff presumably is also available to receive discovery here.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion **[ECF No. 7]** is **DENIED**.

2. Plaintiff may file a motion to conduct early discovery to issue a subpoena to Comcast from the United States District Court for the Southern District of Florida.

**DONE AND ORDERED** in chambers at Miami, Florida, this 29th day of August, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record